# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAUL DAVID ALVARADO,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>C. BURCH, Warden,[1]<br><br>　　　　Respondent. | Case No. 1:19-cv-01283-SKO (HC)<br><br>ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE<br><br>FINDINGS AND RECOMMENDATION TO DENY PETITION FOR WRIT OF HABEAS CORPUS<br><br>[30-DAY OBJECTION DEADLINE] |

  Petitioner is a federal prisoner proceeding *pro se* and *in forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. He is currently in the custody of the Bureau of Prisons ("BOP") at the United States Penitentiary in Atwater, California. He challenges a disciplinary hearing in which he was found guilty of violating BOP Code 112 for use of illicit drugs in a prison facility, and for which he was sanctioned with a 41-day loss of Good Conduct Time credits ("GCT"). (Doc. 1 at 6.)

  Petitioner challenges the sufficiency of the evidence to find him guilty. Respondent contends the evidence satisfies the constitutional standard and therefore the claim fails on the merits. The Court will recommend the petition be DENIED.

---

[1] Christian Burch is the current acting warden at USP-Atwater. Pursuant to Fed.R.Civ.P. § 25(d), Christian Burch is hereby substituted as respondent.

1

## I. BACKGROUND

Petitioner is currently serving a sentence of 300 months in federal prison for his 2017 conviction in the United States District Court for the District of Oregon of conspiracy to distribute controlled substances in violation of 21 U.S.C. §§ 846; 841(a)(1); 841(b)(1)(A); 841(b)(1)(C). See United States v. Alvarado, Case No. CR-15-369-JO (D.Or.2017).

On November 30, 2018, Petitioner was issued an incident report charging him with "Use of any Drugs or Alcohol" in violation of 28 C.F.R. § 541.13, BOP Code 112. (Doc. 11-1 at 10.) The reporting officer provided the following statement in the incident report:

> On October 24, 2018 at approximately 12:20 pm in unit 3A Cell 103, I entered the cell and observed inmate Alvarado, Raul Reg. No. 35624-086 sitting on the lower bunk appearing to be under the influence of an unknown substance. The behavior displayed by Inmate Alvarado exhibited a strange and erratic nature. He stood up and was swaying from left to right, his hands were twitching uncontrollably, and was slurring his speech. Per medical Inmate Alvarado had dilated pupils with a sluggish reaction to light and was unsure of his surroundings, and has no medical history or current prescriptions that would result in an altered mental status. Inmate Alvarado was picked up by the compound officers and escorted to the LTs office holding tank for further medical assessment. On October 25, 2018 at approximately 12:57 PM, INMATE ALVARADO was administered a urinalysis test. This was sent to the lab for processing. On November 6, 2018 at 9:00 AM lab results returned with negative results for the use of drugs being found. Although the lab findings produced negative results, the lab is not designed to detect all variations synthetic drug components. I identified inmate Alvarado, Raul Reg. No. 35624- 086 with his institution photo I.D. card and the Sentry Program.

(Doc. 11-1 at 11.)

An SIS technician responded to the cell and conducted a visual inspection. According to the SIS technician,

> ALVARADO appeared to under the influence of an unknown substance. While making contact with ALVARADO, ALVARADO could hardly stand on his own and has slurred speech. ALVARADO was asked basic questions and his response was slow and he appeared to be incoherent. ALVARADO was asked, "What is going (on)?", ALVARADO slowly replied "nothing, just hanging out" and appeared to be confused with a blank stare. The SIS Technician asked ALVARADO when the was the last time he smoked. ALVARADO replied, "I don't know". ALVARADO could not answer the SIS Technician's request for his name and register number, but would state random words, which the SIS Technician could not understand due to ALVARADO's slurred speech.

(Doc. 11-1 at 11.)

Petitioner was then taken to a medical holding tank. A registered nurse conducted an

evaluation of Petitioner's physical condition. The registered nurse reported:

> ALVARADO's medical assessment notes that ALVARADO had dilated pupils with sluggish reaction to light. ALVARADO was insecure of his surroundings. The assessment also notes that ALVARADO has no medical history or current prescriptions that would result in an altered mental status. The assessment concludes that ALVARADO'S presentation was consistent with the use of synthetic cannabinoids. A Urinalysis Details from Truintel notes that ALVARADO's urine sample was obtained on 10/25/2018 and sent to a lab. On 11/06/2018, the urine sample came back negative for any narcotics.

(Doc. 11-1 at 11.)

Petitioner was charged with use of a controlled substance, specifically, synthetic narcotics. He was given advanced written notice of the charge on November 30, 2018. (Doc. 11-1 at 10.) A disciplinary hearing was held on December 12, 2018. (Doc. 11-1 at 10.) Petitioner denied the charge at the hearing and stated that he had asthma, and due to pollen, his asthma was aggravated. (Doc. 11-1 at 10.) The Disciplinary Hearing Officer ("DHO") found Petitioner guilty as follows:

> The DHO relied on the officer's written report as well as other documentary evidence; a supporting memo, a medical assessment and a Urinalysis Details report from Truintel.
>
> […]
>
> The DHO also considered the inmate's statement during the discipline hearing. During the DHO hearing, ALVARADO denied the charge and stated, "I have asthma. Due to the pollens, it activates my asthma even more." The DHO considered the exculpatory statement from ALVARDO that he did not use drugs and was having an asthma attack, but deemed it less credible. The staff representative (B. Daniel) stated, "He's come to work and has stated that he has asthma, so we sent him home a couple of times. He has had watery eyes, the inmate states was due to his asthma.". The staff representative confirmed that ALVARADO has been sent home due to ALVARDO stating that he has asthma, but the DHO believes that an asthma attack does not explain ALVARADO's erratic behavior and altered statement of mind. Though the incident report notes that ALVARADO's urinalysis came back negative, the DHO noted that the laboratory is not designed to detect all variations of synthetic cannabinoids. The DHO believes that the greater weight of the evidence shows that ALVARADO was under the influence of (synthetic) narcotics that were not prescribed to him.

(Doc. 11-1 at 11-12.)

The DHO sanctioned Petitioner with, *inter alia*, a 41-day loss of Good Conduct Time credits. (Doc. 11-1 at 12.) Petitioner was provided a copy of the decision on December 21, 2018. (Doc. 11-1 at 12.)

On September 13, 2019, Petitioner filed a federal petition for writ of habeas corpus in this

3

Court. (Doc. 1.) On December 3, 2019, Respondent filed a response to the petition. (Doc. 16.) Petitioner did not file a traverse.

## II. DISCUSSION

### A. Jurisdiction

Writ of habeas corpus relief extends to a person in custody under the authority of the United States. See 28 U.S.C. § 2241. While a federal prisoner who wishes to challenge the validity or constitutionality of his conviction must bring a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2255, a petitioner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241. See, e.g., Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1990); Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998); Kingsley v. Bureau of Prisons, 937 F.2d 26, 30 n.5 (2nd Cir. 1991); United States v. Jalili, 925 F.2d 889, 893-94 (6th Cir. 1991). To receive relief under 28 U.S.C. § 2241 a petitioner in federal custody must show that his sentence is being executed in an illegal, but not necessarily unconstitutional, manner. See, e.g., Clark v. Floyd, 80 F.3d 371, 372, 374 (9th Cir. 1995) (contending time spent in state custody should be credited toward federal custody); Jalili, 925 F.2d at 893-94 (asserting petitioner should be housed at a community treatment center); Barden, 921 F.2d at 479 (arguing Bureau of Prisons erred in determining whether petitioner could receive credit for time spent in state custody); Brown, 610 F.2d at 677 (challenging content of inaccurate pre-sentence report used to deny parole).

Here, Petitioner challenges the execution of his sentence. Therefore, the Court has jurisdiction to consider the petition pursuant to 28 U.S.C. § 2241.

### B. Venue

A petitioner filing a petition for writ of habeas corpus under 28 U.S.C. § 2241 must file the petition in the judicial district of the petitioner's custodian. Brown, 610 F.2d at 677. Petitioner is in the custody of the Bureau of Prisons at USP-Atwater, which is located within the jurisdiction of this Court. 28 U.S.C. §§ 2254(a); 2241(d). Therefore, venue is proper in this Court.

### C. Exhaustion

Before filing a petition for writ of habeas corpus, a federal prisoner challenging any

circumstance of imprisonment must first exhaust all administrative remedies. Martinez v. Roberts, 804 F.2d 570, 571 (9th Cir. 1986); Chua Han Mow v. United States, 730 F.2d 1308, 1313 (9th Cir. 1984); Ruviwat v. Smith, 701 F.2d 844, 845 (9th Cir. 1983). The requirement that federal prisoners exhaust administrative remedies before filing a habeas corpus petition was judicially created; it is not a statutory requirement. Brown v. Rison, 895 F.2d 533, 535 (9th Cir. 1990). Thus, "because exhaustion is not required by statute, it is not jurisdictional." Id. If Petitioner has not properly exhausted his claims, the district court, in its discretion, may either "excuse the faulty exhaustion and reach the merits or require the petitioner to exhaust his administrative remedies before proceeding in court." Id.

Respondent does not claim that Petitioner has failed to exhaust his administrative remedies.

**D.  Review of Petition**

Prisoners cannot be entirely deprived of their constitutional rights, but their rights may be diminished by the needs and objectives of the institutional environment. Wolff v. McDonnell, 418 U.S. 539, 555 (1974). Prison disciplinary proceedings are not part of a criminal prosecution, so a prisoner is not afforded the full panoply of rights in such proceedings. Id. at 556. Thus, a prisoner's due process rights are moderated by the "legitimate institutional needs" of a prison. Bostic v. Carlson, 884 F.2d 1267, 1269 (9th Cir. 1989) (citing Superintendent, Mass. Corr. Inst. v. Hill, 472 U.S. 445, 454-455 (1984)).

When a prison disciplinary proceeding may result in the loss of good time credits, due process requires that the prisoner receive the following procedural guarantees: (1) advance written notice of at least 24 hours of the disciplinary charges; (2) an impartial hearing body; (3) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (4) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action. Hill, 472 U.S. at 454; Wolff, 418 U.S. at 563-567. Petitioner does not dispute that he received all procedural due process guarantees.

Nevertheless, Petitioner asserts that the evidence was insufficient to support the guilty finding. In Hill, the Supreme Court held that "the requirements of due process are satisfied if

1 some evidence supports the decision by the prison disciplinary board to revoke good time
2 credits." Further, "[a]scertaining whether this standard is satisfied does not require examination
3 of the entire record, independent assessment of the credibility of witnesses, or weighing of the
4 evidence. Instead, the relevant question is whether there is any evidence in the record that could
5 support the conclusion reached by the disciplinary board." Id. at 455-56.

In this case, there was at least "some evidence" to support the decision. The reporting officer and an SIS technician noted that Petitioner appeared to be under the influence of a narcotic based on his erratic behavior. They noted that Petitioner was swaying from side to side, had slurred speech, and had uncontrollable twitching of hands. A registered nurse examined Petitioner and noted no medical history or current prescriptions that would result in such an altered mental stated. The registered nurse noted that Petitioner had dilated pupils with sluggish reaction to light, and he was insecure of his surroundings. The nurse concluded that his behavior was consistent with the use of synthetic cannabinoids. Petitioner contends that a negative urine test exonerates him; however, the disciplinary hearing officer considered the test that was conducted and noted that the test was limited in detecting synthetic substances. Thus, there was at least some evidence supporting the guilty finding.

For the foregoing reasons, the Court finds that Petitioner fails to demonstrate that his due process rights were violated. Wolff, 418 U.S. at 564. The petition should be denied.

### III. ORDER

IT IS HEREBY ORDERED that the Clerk of Court is DIRECTED to assign a District Judge to this case.

### IV. RECOMMENDATION

The Court HEREBY RECOMMENDS that the petition for writ of habeas corpus be DENIED WITH PREJUDICE.

This Findings and Recommendation is submitted to the assigned District Judge pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after service of the proposed Findings and Recommendation, any party may file written objections with the

1  Court and serve a copy on all parties.  Such a document should be captioned "Objections to
2  Magistrate Judge's Findings and Recommendation."  Replies to the objections shall be served
3  and filed within ten (10) days after service of the objections.  The Court will then review the
4  Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that
5  failure to file objections within the specified time may waive the right to appeal the District
6  Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:     **January 23, 2020**                    /s/ *Sheila K. Oberto*
                                                   UNITED STATES MAGISTRATE JUDGE