UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAUL DAVID ALVARADO, | No. 1:19-cv-01283-NONE-SKO (HC) |
| Petitioner, | ORDER ADOPTING FINDINGS AND RECOMMENDATIONS (Doc. No. 13) |
| v. | ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS |
| | ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE FOR PURPOSE OF CLOSING CASE AND THEN ENTER JUDGMENT AND CLOSE CASE |
| C. BURCH, Warden, | |
| Respondent. | [NO CERTIFICATE OF APPEALABILITY IS REQUIRED] |

Petitioner is a federal prisoner proceeding *in forma pauperis* and *in propria persona* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. On January 24, 2020, the assigned magistrate judge issued findings and recommendations recommending that the pending petition be denied on its merits. (Doc. No. 13.) The findings and recommendations were served upon all parties and contained notice that any objections were to be filed within thirty (30) days from the date of service. To date, no party has filed objections.[1]

---

[1] The court notes that the findings and recommendations were served by mail upon petitioner at his address of record but were returned to the court by the U.S. Postal Service on February 21, 2020, as "Undeliverable – Refused."

1

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(C), the court has conducted a de novo review of the case. Having carefully reviewed the entire file, the court concludes that the findings and recommendations are supported by the record and proper analysis.

Petitioner's is currently in the custody of the U.S. Bureau of Prisons ("BOP") at the United States Penitentiary in Atwater, California. In the pending petition he challenges a prison disciplinary hearing at which he was found guilty of using illicit drugs in a prison facility, and for which he was sanctioned with a 41-day loss of Good Conduct Time credits. (Doc. 1 at 6.) Specifically, petitioner challenges the sufficiency of the evidence submitted at the hearing arguing that it failed to support the finding that he was guilty of the disciplinary charge. As the Supreme Court has explained, "the requirements of due process are satisfied if some evidence supports the decision by the prison disciplinary board to revoke good time credits." *Superintendent, Massachusetts Correctional Institution, Walpole v. Hill*, 472 U.S. 445, 455 (1984). Further,

> [a]scertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board.

*Id*. at 455-56. Here, the magistrate judge correctly concluded that there is at least "some evidence" in the record to support the disciplinary decision because a BOP witness with first-hand knowledge noted in a written report that petitioner appeared to be under the influence of a narcotic based on his erratic behavior. (Doc. No. 13 at 2–3, 6.) In addition, a registered nurse then examined petitioner and reported that he had no medical history or current prescriptions that would result in such an altered mental state and concluded that petitioner's behavior was consistent with the use of synthetic cannabinoids, the use of which cannot be confirmed by the urine test administered to petitioner. (*Id*.) Because there was some evidence submitted which supports petitioner's disciplinary conviction, the pending findings and recommendations will be adopted.

In the event a notice of appeal is filed by petitioner in this action, a certificate of appealability is not required because this "is not a final order in a habeas proceeding in which the detention complained of arises out of process issued by a State court." *Forde v. U.S. Parole*

*Commission*, 114 F.3d 878, 879 (9th Cir. 1997) (citing *Ojo v. INS*, 106 F.3d 680, 681-682 (5th Cir. 1997) and *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996)); *see also Close v. Thomas*, 653 F.3d 970, 974 n.2 (9th Cir. 2011).

Accordingly, the Court orders as follows:

1. The findings and recommendations, filed January 24, 2020 (Doc. No. 13), are ADOPTED IN FULL;

2. The petition for writ of habeas corpus is DENIED;

3. The Clerk of Court is directed to assign a district judge to this case for the purpose of closing the case and then to ENTER JUDGMENT AND CLOSE THE CASE; and,

4. No certificate of appealability is required.

This order terminates the action in its entirety.

IT IS SO ORDERED.

Dated: **March 10, 2020**

UNITED STATES DISTRICT JUDGE